Enrique Ramírez Prosperi, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 737. Submitted November 5, 1928.—Decided March 8, 1929.

*Nazario & García Méndez* for the appellant.

Mr. Justice Hutchison delivered the opinion of the court.

A registrar of property recorded a mortgage on the separate property of a husband, subject to a curable defect in that the wife of the mortgagor did not consent to his waiver of the homestead right.

Sections 1, in part, 2 and 3 of our statute read as follows:

"Section 1. That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed.

"Section 2. That such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continue to occupy such homestead, and after the death of both husband and wife, for the benefit of their children, until the youngest child shall become twenty-one years of age; in case the husband or wife shall desert his or her family the exemption shall continue in favor of the spouse occupying the premises as a residence; and in case of a divorce, the court granting the same,

may, in the decree, dispose of the homestead estate according to the equities of the case.

"Section 3. That no release, waver (waiver) or conveyance of an estate so exempted shall be valid unless so expressly provided in the instrument of conveyance by such householder his or her wife or husband, if he or she have one, or unless possession is obtained or given up pursuant to the conveyance, or without the orders of the district court directing the release thereof whenever the exemption is continued to a child or children."

We need not determine at this time whether or not a wife in Porto Rico has a vested interest or estate of homestead in the separate property of her husband, when such property is occupied by the family as a residence.

The instrument contemplated by section 3, *supra,* is a release, waiver or conveyance executed by both spouses. The words, "his or her wife or husband, if he or she have one," can hardly be regarded as equivalent to or intended to mean "the surviving spouse, if any." A householder upon departing this life may leave a surviving spouse, but he can not "have one." Nor is the surviving spouse "his or her wife or husband." What the law requires is an instrument executed "by such householder" and "his or her wife or husband, if he or she have one."

Such a construction is in harmony with the general spirit and purpose of the homestead law. It is also in keeping with what probably was the prototype of section 3. 29 C. J., page 785, par. 7; Id., page 884, par. 256 *et seq.*

The ruling appealed from must be affirmed.

Justices Aldrey and Texidor dissented.